1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| PHL VARIABLE INSURANCE CO., | **Case No. CV09-08923-VBF-MAN** |
|---|---|
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| DONG WOON CHO LIFE INSURANCE TRUST, by and through its trustee, HENRY KIM, | |
| Defendant. | |

Based on the parties' Joint Motion In Support Of Stipulation For Protective Order filed on June 1, 2010 ("Stipulated Protective Order"), the terms of the Stipulated Protective Order are adopted as an order of this Court, except to the extent, as set forth below, that those terms have been modified by the Court's amendment of page 1 of the Stipulated Protective Order.

The parties are expressly cautioned that the designation of any information, document, or thing as CONFIDENTIAL does not, in and of itself, create any

entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order ("Order") or to the partes' designation of any information, document, or thing as CONFIDENTIAL is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as CONFIDENTIAL does not -- without the submission of **competent evidence**, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectible -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each type of information, document, or thing sought to be filed under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, **competent evidence** supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## **TERMS OF THE PROTECTIVE ORDER**

The parties to this action wish to protect confidential information produced during discovery that may be protected under constitutional, statutory, or common law rights of privacy, subject to contractual restrictions, constitute or contain trade secrets or other confidential business information, as is contemplated by FRCP 26(c). This information may include, but is not limited to:

A. Personal, medical, health, financial data, or other private information; or

B. Proprietary business or other sensitive commercial, financial private information.

Accordingly, pursuant to the parties' Stipulated Protective Order, the handling of any information produced or disclosed by any party or non- party who agrees to be bound by this Order ("the Producing Party") in this Action to the party(ies) receiving the information ("the Receiving Party"), including, without limitation, Rule 26(a) disclosures, documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, responses to requests for production, and testimony (such information shall hereinafter be referred to as "Discovery Material") shall be governed by this Order.

1. Any Producing Party may designate materials as "CONFIDENTIAL"

1  under the terms of this Order, if the information contained or expressed therein has
2  not been disclosed to the public and if public disclosure of such information is
3  either restricted by law or would, in the good faith opinion of the Producing Party,
4  (i) disclose trade secrets or other commercially sensitive information, (ii) disclose
5  confidential research, development or commercially sensitive information, (iii)
6  disclose sensitive, health, financial or personal information, or (iv) otherwise
7  adversely affect the Producing Party's competitive or financial position or the
8  competitive or financial position of a non-party that is owed a duty of
9  confidentiality by the Producing Party.  This information shall be referred to as
10 "CONFIDENTIAL DISCOVERY MATERIAL."

11      2.     CONFIDENTIAL DISCOVERY MATERIAL and information, data,
12 summaries, and compilations derived therefrom shall be used solely for purposes of
13 this Action and shall not be used for any other purpose.

14      3.     The designation of Discovery Material as "CONFIDENTIAL" for
15 purposes of this Order shall be made in the following manner by the Producing
16 Party:

17          a.    In the case of Rule 26(a) disclosures, documents, exhibits,
18 briefs, memoranda, interrogatory responses, responses to requests for admission,
19 responses to requests for production, or other documentary materials (excluding
20 depositions or other testimony) and tangible things by affixing the legend
21 "CONFIDENTIAL" to each page of each thing containing any CONFIDENTIAL
22 DISCOVERY MATERIAL.  When a Producing Party produces documents or other
23 tangible things for inspection, no marking need be made by the Producing Party in
24 advance of the inspection.  For purposes of such inspection, all documents and
25 tangible things produced shall be considered marked as "CONFIDENTIAL".
26 Thereafter, upon selection of specified documents or things for copying by the
27 Receiving Party, the Producing Party shall mark the copies of such documents and
28 things with the appropriate confidentiality marking at the time that the copies are

produced to the Receiving Party.

   b. In the case of depositions or other testimony (i) by a statement on the record, by counsel, during such deposition or other testimony or portion thereof that such testimony shall be treated as CONFIDENTIAL DISCOVERY MATERIAL, or (ii) by written notice, sent by counsel to all parties within fifteen (15) business days after receiving an official copy of the transcript thereof. In both of the foregoing instances, each party shall affix to all originals and copies of transcripts in its possession or control the appropriate confidentiality legends. The parties shall treat all depositions and other testimony as "CONFIDENTIAL" until sixteen (16) business days after receiving an official copy of the transcript thereof. After sixteen (16) business days, only those portions of any transcript designated as "CONFIDENTIAL" shall be deemed CONFIDENTIAL DISCOVERY MATERIAL.

  4. The inadvertent or unintentional disclosure by the Producing Party of "CONFIDENTIAL" information either by way of document production, interrogatory responses or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to the information disclosed. In the event of a dispute regarding the designation or use of confidential information, the procedure for obtaining a decision from the Court set forth in Local Rule 37 governs. Any such inadvertently or unintentionally disclosed "CONFIDENTIAL" information, not designated as such pursuant to paragraph 1, shall be designated as "CONFIDENTIAL" as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure through written notice to the Receiving Party. The Receiving Party shall mark, and treat the materials as "CONFIDENTIAL" as appropriate, and such materials shall be fully subject to this Order as if they had been initially so designated. The good faith disclosure of the materials by the Receiving Party prior to receipt of the

1 written notice will not be deemed a violation of this Order.

2  5. Unless otherwise ordered by the Court, any CONFIDENTIAL DISCOVERY MATERIAL shall be maintained in confidence by the Parties to whom they are produced and their counsel (who shall take all steps reasonably necessary to ensure compliance herewith by persons regularly employed by it to whom such documents and materials are disclosed or made available) and may be used solely by the Parties (and their counsel) for purposes of, and in connection with, the Action and for any other legal or arbitration proceedings relating solely to the subject matter of the Action (and not for any other reason or purpose). The Parties to whom they are produced and their counsel may disclose or discuss such Confidential Materials only to the following persons or entities and only in accordance with the provisions of this Paragraph 5:

   (a) the Court (including appellate courts), arbitrators and mediators, and the personnel of any of the foregoing;

   (b) counsel of record in the Action and persons regularly employed in the offices of such counsel;

   (c) the Parties, their affiliates, officers and directors;

   (d) any non-party who is deposed in the Action, but only for and during such non-party's deposition and at no other time;

   (e) any expert or consultant that any of the Parties retain to assist them in the Action (including to testify at a deposition, hearing or trial in the Action), to the extent such CONFIDENTIAL DISCOVERY MATERIALS are necessary for the experts or consultants in rendering their advice or opinions;

   (f) Party witnesses or deponents and their counsel, during the course of and, to the extent necessary, in preparation for and during the taking of depositions or testimony in the Action, solely for the purpose of their preparation for or participation in such depositions or testimony; and

   (g) litigation support services, including outside copying services, court

reporters, stenographers or companies engaged in the business of supporting litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in the Action.

      6. Each person or entity (other than persons described in sections 5(a) and 5(b) above) given access to CONFIDENTIAL DISCOVERY MATERIALS shall, prior to being given such access, be advised of the terms of this Order and shall thereby become subject to such terms, including, without limitation, the provisions that such CONFIDENTIAL DISCOVERY MATERIALS may not be disclosed to any person or in any manner other than as described in Paragraph 5 above and shall be used solely for purposes set forth above in this Paragraph 5 and for no other reason. In addition, such intended recipient shall read the Order, and must execute, in the form attached hereto as Exhibit A, an agreement to be bound by this Order and to be subject to the jurisdiction of this Court for purposes of the enforcement of this Order. The original executed agreement shall be retained by counsel giving access to the CONFIDENTIAL DISCOVERY MATERIAL. If CONFIDENTIAL DISCOVERY MATERIAL is disclosed during a deposition, the agreement to be bound and subject to jurisdiction may be made on the record and under oath, rather than in writing, and any objections may also be made orally. With respect to outside experts or consultants, only one agreement shall be required by such expert or consultant to permit access to CONFIDENTIAL DISCOVERY MATERIAL by staff assistants to such expert or consultant.

      7. Whenever CONFIDENTIAL DISCOVERY MATERIAL is to be discussed or disclosed in a deposition, any party claiming confidentiality may exclude from the deposition any person not entitled to have access to such CONFIDENTIAL DISCOVERY MATERIAL while such material is disclosed or discussed.

      8. Should any CONFIDENTIAL DISCOVERY MATERIAL be disclosed to any person or party not authorized under this Order, then, in addition to

6
PROTECTIVE ORDER

any penalties (if appropriate) for violation of this Order to which the disclosing party may be subject, the disclosing party shall use its best efforts to bind such unauthorized person to the terms of this Order; and the disclosing party shall: (a) promptly inform such person of all the provisions of this Order; (b) immediately advise the Producing Party of the identity of CONFIDENTIAL DISCOVERY MATERIAL so disclosed and the identity of the person(s) to whom it was disclosed; (c) request such person to sign an agreement in the form attached as Exhibit A; and (d) retrieve all copies of documents and things containing the inadvertently disclosed information. In the event of a dispute regarding the designation or use of confidential information, the procedure for obtaining a decision from the Court set forth in Local Rule 37 governs.

9. All documents of any nature, including briefs, that contain CONFIDENTIAL DISCOVERY MATERIAL shall be accompanied by an application to file under seal in accordance with Local Rule 79-5.1. The party seeking to seal documents must file a proper application with the Court, in which the applicant must demonstrate for each document or category of documents sufficient grounds to warrant placing the documents under seal in accordance with Local Rule 79-5.

10. Entering into, agreeing to, and/or producing or receiving CONFIDENTIAL DISCOVERY MATERIAL or otherwise complying with the terms of this Order shall not:

 a. operate as an admission by any party that any particular CONFIDENTIAL DISCOVERY MATERIAL produced by another party or non party contains any type of confidential information;

 b. operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be CONFIDENTIAL DISCOVERY MATERIAL;

  c. prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery;

  d. prejudice in any way the rights of any party to object to the genuineness, authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

  e. prejudice in any way the rights of a party to reasonably and in good faith seek a determination by the Court that any Discovery Material should not be subject to the terms of this Order;

  f. prejudice in any way the rights of a party to reasonably and in good faith petition the Court for a further protective order relating to any purportedly confidential information;

  g. prevent the parties from agreeing to alter the provisions or protections provided herein with respect to any particular Discovery Material, provided no such modification will have any force or effect unless and until it is approved by the Court;

  h. prejudice in any way the rights of a party to reasonably and in good faith seek an order changing or vacating a designation;

  i. prejudice the right of any party to reasonably and in good faith seek a designation of material as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or subject to a higher protection than provided herein; or

  j subject a party to liability for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified in accordance with this Order.

  11. Nothing herein shall be construed to limit or restrict a party's use or disclosure of its own CONFIDENTIAL DISCOVERY MATERIAL for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as CONFIDENTIAL DISCOVERY MATERIAL obtained lawfully by such party

independently of any proceedings in this Action, or which:

    a.    was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in the Action; or

    b.    is or becomes publicly known by lawful means and through no fault or act of such party; or

    c.    is rightfully received by such party from a third party which has authority to provide such CONFIDENTIAL DISCOVERY MATERIAL and without restriction as to disclosure.

12.    In the event additional parties join or are joined in this Action, they shall not have access to CONFIDENTIAL DISCOVERY MATERIAL until the newly joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order or an alternative protective Order entered by the Court.

13.    Any party serving discovery on a third-party in connection with this Action shall concurrently serve the third-party with a copy of this Order. In response to a third-party document and/or deposition subpoena under FRCP 45, any third party to this action is entitled to produce CONFIDENTIAL DISCOVERY MATERIAL subject to the terms of this Order, provided that the third party executes the agreement in the form of Exhibit A hereto.

14.    The inadvertent or unintentional production by a party or third-party of any privileged or otherwise protected information shall not be deemed a waiver or an impairment of any claim of privilege or protection, including without limitation the attorney-client privilege and the protection afforded by the attorney work-product doctrine. Within five (5) business days after receiving written notice from a Producing Party that privileged information, including copies or summaries thereof, has been inadvertently produced, the Receiving Party shall return all such privileged information to the Producing Party and, if a document, all copies of that document shall be destroyed. A party that returns privileged information after

receipt of notice may retain information not claimed to be privileged that is sufficient to identify the document or other information that it returns, but may do so solely for the purpose of promptly challenging the privileged status and/or inadvertent waiver status of the document or information. This paragraph shall not prejudice the right of any party to challenge a Producing Party's claim that information is privileged on any grounds.

15. The provisions of this Order and this Court's jurisdiction to enforce its terms, shall survive the conclusion of this action. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Action, including any appeals therefrom, all persons having received CONFIDENTIAL DISCOVERY MATERIAL shall return to counsel for the Producing Party such material and all copies thereof (including summaries and excerpts) or destroy the same. Counsel shall make reasonable efforts to ensure that any retained Consultants abide by this provision. Counsel shall provide a certification that all CONFIDENTIAL DISCOVERY MATERIAL has been returned or destroyed pursuant to this paragraph. Outside counsel of record shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product (including court papers, transcripts, and attorney work product that contains CONFIDENTIAL DISCOVERY MATERIAL) provided that such counsel, and employees of such counsel, shall not disclose any CONFIDENTIAL DISCOVERY MATERIAL contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party. All material returned to the parties or their counsel by the Court likewise shall be handled in accordance with this paragraph.

16. While this Action is pending, any party objecting to the designation of any Discovery Material or testimony as CONFIDENTIAL DISCOVERY MATERIAL may, pursuant to Local Rule 37, move for an Order vacating or changing the designation. While such an application is pending, the Discovery

Material or testimony in question shall be treated as it has been designated pursuant to this Order. The provisions of this Order are not intended to shift the burden of establishing confidentiality.

17. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena in another action. However, if any Receiving Party (a) is subpoenaed in another action, or (b) is served with a demand in another action to which it is a party, or (c) is served with any legal process by one not a party to this action, seeking CONFIDENTIAL DISCOVERY MATERIAL by someone other than the Receiving Party, the Receiving Party shall give prompt actual written notice, by hand or facsimile transmission, as soon as reasonably possible, to the Producing Party and shall object to its production. Should the person seeking access to the CONFIDENTIAL DISCOVERY MATERIAL take action against the Receiving Party or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of this Order. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order requiring production of CONFIDENTIAL DISCOVERY MATERIAL covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

IT IS SO ORDERED.

Dated: August 13. 2010                    By: _____
                                              Hon. Margaret A. Nagle
                                              United States Magistrate Judge

11

PROTECTIVE ORDER

**EXHIBIT A TO PROTECTIVE ORDER**

I have read the Protective Order entered in this case. I agree and understand that: (a) all CONFIDENTIAL DISCOVERY MATERIAL disclosed to me in this case is pursuant to and subject to the terms of the Order and may not be disclosed or used other than pursuant to the terms thereof, and (b) that the violation of the terms of the Order (by use of the Confidential Material in any impermissible manner) may subject me to punishment for contempt of a Court Order.

I agree to be bound by the Order and I consent to the jurisdiction of the above-captioned Court for purposes of the enforcement of the Order.

Executed this _____ day of _____ [month], _____ [year], in _____ [city], _____ [state].

By:_____